# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WILLIAM K. WILLIS,**
**Claimant Below, Petitioner**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-46**          (JCN: 2024008884 )

**FAYETTE COUNTY COMMISSION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William K. Willis appeals the Workers' Compensation Board of Review's January 2, 2025, order. Respondent Fayette County Commission ("FCC") timely filed a response.[1] Mr. Willis did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Willis is employed as a Deputy Sheriff by FCC. Mr. Willis was admitted to Raleigh General Hospital from October 29, 2023, to November 2, 2023, after he presented with chest pain. Mr. Willis reported that he had chest pain for the previous four days and denied any blunt chest wall trauma. Mr. Willis indicated that he had developed chest pain and anxiety the night before, after going to the house of a suspect that had committed a crime. The assessment was acute non-STEMI; chest pain secondary due to non-STEMI; depression; anxiety; insomnia; chest pain probably multifactorial due to depression; as well as suspect underlying coronary artery disease ("CAD"); history of tobacco dependency, resolved; Barrett's esophagus; GERD; and chest pain probable GI in origin. Mr. Willis denied any prior cardiac history. It was noted that Mr. Willis had the risk factors for CAD of hypertension and hyperlipidemia. A cardiac catheterization was performed on November 1, 2023, which revealed a 90% thrombotic lesion in the mid right coronary artery. Mr. Willis was placed on a cardiac diet.

---

[1] Mr. Willis is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq., Bailey, Stultz & Greene, PLLC. FCC is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq., Jenkins Fenstermaker, PLLC.

On November 7, 2023, an Encova Claim Filing form was completed by Wilbert Lively, Assistant to the FCC. The form indicated that Mr. Willis was a Deputy Sheriff in Fayette County and that he had a heart attack while responding to a call on October 29, 2023. It was reported that Mr. Willis' lifestyle affected the injury. Mr. Lively noted that Mr. Willis promptly notified FCC of the incident.

On November 22, 2023, Mr. Willis was seen by Abdrhman Hamo, M.D., and reported dyspnea occurring episodically. Mr. Willis indicated that he had not been experiencing any chest discomfort, palpitations, or dizziness. Dr. Hamo assessed dyspnea on exertion, severe CAD, history of acute non-ST elevation myocardial infarction, mild left ventricular septal hypokinesis, EF 45%, mild pulmonary hypertension with RVSP 34 mm Hg, hypertension, hyperlipidemia, Barrett's esophagus, and anxiety. Dr. Hamo instructed Mr. Willis regarding risk factor modifications including exercise and dietary modifications.

By order dated December 7, 2023, the claim administrator rejected the claim.[2] Mr. Willis protested this order to the Board.

On January 3, 2024, Mr. Willis was seen by David Francke, M.D., after being referred for coronary arteriosclerosis. Mr. Willis reported intermittent chest discomfort. Mr. Willis indicated that after the incident of October 2023, he continued to experience chest discomfort that occurred at random or with anxiety. Dr. Francke assessed coronary arteriosclerosis, heart failure with mildly reduced ejection fraction, and anginal equivalent.

On March 4, 2024, Mr. Willis was deposed and testified that he had been employed at the Fayette County Sheriff's Office since 2006. Mr. Willis stated that on the date of the incident, he was pursuing an armed suspect, who was then taken into custody. Shortly afterward, Mr. Willis started having chest pain with shortness of breath, which he indicated was different than any previous chest pain he had experienced. Mr. Willis testified that prior to this incident, he was diagnosed with Barrett's esophagus, and that it was not uncommon for him to have acid reflux and chest pain. Mr. Willis indicated that after the suspect was secured, his shortness of breath began to get worse. Mr. Willis then went to Raleigh General Hospital, where he was admitted and had a stent placement for a blockage in his coronary artery. Mr. Willis stated that prior to this incident, he was not experiencing shortness of breath before he went to work on October 30, 2023. Further, Mr. Willis testified that getting a suspect out of a car and putting them on the ground was common for his job.

By order dated January 2, 2025, the Board affirmed the claim administrator's order rejecting the claim. The Board found that Mr. Willis did not establish by a preponderance

---

[2] This Court notes that the claim administrator's order is not included in the record on appeal, however, it is referenced in the Board's order.

of the evidence that he sustained an injury in the course of and resulting from employment. It is from this order that Mr. Willis now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Willis argues that the Board was clearly wrong in rejecting the claim because he sustained a heart attack in the course of and resulting from his employment as a deputy sheriff. Further, Mr. Willis asserts that the Board gave excessive weight to Mr. Willis' CAD diagnosis. We disagree.

In order for a claim to be compensable, three elements must coexist: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986). Further, the Supreme Court of Appeals of West Virginia has stated that "[i]n determining whether an injury resulted from [a] claimant's employment, a causal connection between the injury and employment must be shown to have existed." Syl. Pt. 3, *Emmel v. State Comp. Dir.*, 150 W. Va. 277, 145 S.E.2d 29 (1965).

Here, the Board found that there is no medical evidence establishing that Mr. Willis' heart attack was causally related to his work activities. The Board stated that without medical evidence establishing causation, a finding of compensability would require mere speculation. The Board concluded that Mr. Willis did not establish by a preponderance of the evidence that he sustained an injury in the course of and resulting from his employment.

3

We also note that the Supreme Court of Appeals has previously held that a heart attack suffered at work is not compensable without a causal connection between the claimant's job duties and the heart attack. *See Barnett*, 153 W. Va. at 812, 172 S.E.2d at 707; *see also Lester v. EQT Corp.*, No. 14-0033, 2015 WL 303793, at *2 (W. Va. Jan. 23, 2015) (memorandum decision).

Upon review, we find that Mr. Willis did not establish that the Board's decision is clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that Mr. Willis did not establish that he sustained an injury in the course of and resulting from his employment.

Accordingly, we affirm the Board's January 2, 2025, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4